PARRO, J.
 

 |2The only child of the testator/decedent appeals a judgment dismissing the child’s petition to have his father’s testament declared to have been revoked by operation of law. For the following reasons, the judgment is affirmed.
 

 Factual Background and Procedural History
 

 Winston R. Clark (Winston) and Mary Beth Paille Clark (Mary Beth) were married on October 30, 1976, and were divorced on October 3, 2003. Winston executed his last will and testament on January 18, 1995. In his testament, Winston directed, in pertinent part:
 

 In the event that my wife, Mary Beth Paille Clark survives me, I will and bequeath to her all of the property which I own at the date of my death, of every kind and character, less the forced portion inherited by son, Bryan Scott Clark, only in the event that such a forced portion is mandated by law at the time of my death. In the event that the laws of the State of Louisiana [do] not require or mandate a forced portion to my son at the time of my death, I will and bequeath all of my property owned by me at my death to my wife, Mary Beth Paille Clark.
 

 In the event that the law in effect at the date of my death mandates a forced portion to my son, I will and bequeath such forced portion to my son, Bryan Scott Clark, to be ... held in trust for him as beneficiary of income and principal.
 

 This trust shall be subject to the usu-fruct of my wife, Mary Beth Paille Clark.
 

 [[Image here]]
 

 In the event that my wife, Mary Beth Paille Clark, predeceases me, I then will all of the property that I own at the date of my death to a trust for the benefit of Melissa Yvette Paille, Wendy Ann Ze-ringue, and Ashley Renee Zeringue, being beneficiaries of both principal and income, and having as the trustee, Cleveland Paille, my brother-in-law.
 

 ■Furthermore, Winston provided for the appointment of Mary Beth as the executrix of his estate. Winston died on November 26, 2005, at which time he and Mary Beth were not married. At no time prior to his death did Winston revoke his last will and testament.
 

 On January 3, 2006, Winston’s succession was judicially opened by his son, Brian Scott Clark (Brian).
 
 [1]
 
 Brian is Winston’s only child. Mary Beth then filed a petition for probate of the 1995 testament. Pursuant to the terms of the testament, the trial court |3named Mary Beth as the executrix of Winston’s succession. Subsequently, Brian filed a petition to declare that the testament had been revoked by operation of law, to remove Mary Beth as the executrix, and for a temporary restraining order and preliminary injunction. In that petition, Brian averred:
 

 Decedent’s last will and testament dated January 18, 1995, and the legacies,
 
 *268
 
 testamentary designations and appointments therein were revoked as of the date of his death, November 26, 2005, by operation of law.
 

 Mary Beth responded by filing a peremptory exception raising the objection of no right of action, which was sustained by the trial court, and Brian’s petition was dismissed.
 
 See
 
 LSA-C.C.P. art. 927(A)(6). On appeal, the judgment was reversed, and the case was remanded to the trial court for further proceedings.
 
 Succession of Winston R. Clark,
 
 06-2210 (La.App. 1st Cir.11/2/07), 977 So.2d 1000.
 

 On remand, the trial court proceeded with a trial on Brian’s petition to declare that the testament had been revoked by operation of law, to remove Mary Beth as the executrix, and for a temporary restraining order and preliminary injunction. The parties jointly stipulated to the underlying facts and introduced a copy of Winston’s death certificate, the 1995 testament, and affidavits of death, domicile, and heirship. After considering the applicable law and
 
 In re Succession of Gonzales,
 
 03-0828, 03-0537 (La.App. 4th Cir.3/10/04), 868 So.2d 987, the trial court, in written reasons, stated:
 

 Clearly, it was the testator’s intention not to leave his son, Brian Clark, any portion of his estate unless forced to do so. Therefore, it is the ruling of this court that La. Civ.Code art. 1608(5) has no applicability to the facts of this case and Brian Clark’s Petition to have the will revoked, to remove the executrix and for a temporary restraining order and a preliminary injunction is dismissed.
 

 Subsequently, the trial court signed a judgment dismissing Brian’s petition. Brian appealed, contending that the trial court erred in finding that LSA-C.C. art. 1608(5) was not applicable to the facts of this case and in dismissing his petition.
 

 Discussion
 

 In his petition, Brian contended Winston’s entire testament and the legacies, testamentary designations, and appointments pertaining to Mary Beth were revoked as of the date of his death by operation of law. His revocation argument focused on the |4fact that Winston and Mary Beth were no longer married when Winston died. The basis of his argument is that LSA-C.C. art. 1608(5) is applicable in this case, resulting in the revocation of the 1995 testament.
 

 Louisiana Civil Code article 1608, in pertinent part, provides:
 

 Revocation of a legacy or other testamentary provision occurs when the testator:
 

 [[Image here]]
 

 (5) Is divorced from the legatee after the testament is executed and at the time of his death, unless the testator provides to the contrary. Testamentary designations or appointments of a spouse are revoked under the same circumstances.
 

 Although this provision was in effect on the date of Winston’s death, November 26, 2005, it was not in effect when Winston executed his testament on January 18, 1995. Article 1608(5) is a new provision and was a part of the revised law of successions adopted by 1997 La. Acts, No. 1421, § 1, which had an effective date of July 1, 1999.
 
 [2]
 
 Thus, the issue of whether Brian has stated a cause of action under
 
 *269
 
 this provision depends on whether Article 1608(5) is applicable to a testament that was executed prior to the legislation’s effective date when the testator’s death occurred after that effective date.
 

 The retroactive application of LSA-C.C. art. 1608(5) to a testament executed prior to July 1, 1999, was addressed by the fourth circuit in
 
 In re Succession of Gonzales.
 
 In
 
 In re Succession of Gonzales,
 
 the testator executed his testament, leaving his entire estate to his then wife and naming her as the executrix of his estate, prior to the adoption of Article 1608(5). By judgment dated March 13, 2001, the testator and his wife were divorced. Subsequently, without having changed his testament, the testator died. Based on those facts, the court in
 
 In re Succession of Gonzales
 
 determined that LSA-C.C. art. 1608(5) was not applicable and that, in the absence of evidence that the testator wished to revoke the legacy and appointment, the intent of |sthe testator at the time of the execution of the testament governed.
 
 In re Succession of Gonzales,
 
 868 So.2d at 990;
 
 see
 
 LSA-C.C. art. 1611,
 
 [3]
 
 LSA-R.S. 9:2440.
 
 [4]
 

 Relative to the issue of the applicability of LSA-C.C. art. 1608(5), the facts in this case are similar to those of
 
 In re Succession of Gonzales.
 
 Under the facts of this case, we likewise find that the provisions of LSA-C.C. art. 1608(5) should not be given retroactive application, especially since the testament was executed prior to the effective date of this law.
 
 See
 
 LSA-R.S. 9:2440. Rather, we should be guided by the intent of the testator, the single most important guideline in the interpretation of a testament, at the time of the execution of the testament.
 
 See In re Succession of Gonzales,
 
 868 So.2d at 990. Considering the allegations in Brian’s petition and the inapplicability of LSA-C.C. art. 1608(5), we conclude that Brian failed to state a cause of action for the revocation of the legacies and testamentary designations or appointments pertaining to Mary Beth. Accordingly, we find no error in the trial court’s dismissal of Brian’s petition to have the testament revoked, to remove the executrix, and for a temporary restraining order and preliminary injunction.
 
 [5]
 

 Decree
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Brian Scott Clark.
 

 AFFIRMED.
 

 [1]
 

 . In the record, Brian is sometimes referred to as “Bryan.” His date of birth is September 24, 1967.
 

 [2]
 

 . This provision was adopted to fill a gap in the prior law and recognizes that when a testator becomes divorced from a spouse, more often than not, he does not want bequests to that spouse to be maintained, and would very likely not want that spouse to serve as the executor or trustee. LSA-C.C.
 
 *269
 
 art. 1608, Revision Comments — 1997, comment (0-
 

 [3]
 

 .Article 1611 was enacted by 1997 La. Acts, No. 1421, § 1, effective July 1, 1999, and was subsequently amended by 2001 La. Acts, No. 560, § 1, effective June 22, 2001, to include paragraph B which provides:
 

 When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator’s intent in the interpretation of a legacy or other testamentary provision.
 

 [4]
 

 . LSA-R.S. 9:2440 was also enacted by 1997 La. Acts, No. 1421, § 4, and amended by 2003 La. Acts, No. 74, § 1. It provides:
 

 A testament, testamentary provision, legacy, or other appointment executed prior to January 1, 1998, and valid under the law and jurisprudence prior to that date, when executed, is not invalidated by the passage of Acts 1997, No. 1421.
 

 Section 2 of Act 74 states that "[t]he provisions of this Act are intended to be remedial and curative.”
 

 [5]
 

 . Article 1608(5) provides only for the revocation of a legacy or other testamentary provision. The revocation of the entire testament is not recognized by this provision.