HOLDRIDGE, J.
*619 Appellant, Don Michael Bridges, Jr. (Don Bridges), appeals a judgment denying numerous requests for relief in this succession proceeding. We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
The facts forming the basis for this appeal are largely undisputed. Don Michael Bridges, Sr. (Mr. Bridges) and Pamela Ann Gouedy Bridges (Pamela) were married in 1979 and divorced in 1988. While they were divorced, on May 7, 2002, Mr. Bridges executed a testament by notarial act in which he directed, in pertinent part:
I, DON MICHAEL BRIDGES, SR., being of sound mind, do hereby make this my last will and testament, revoking any and all prior wills, testaments, and codicils.
I name and appoint my former wife PAMELA ANN GOUEDY BRIDGES as the Executrix of my estate with full seizen and without bond. As Executrix of my estate PAMELA ANN GOUEDY BRIDGES may act as an Independent Executrix.
I leave as a special bequest to my son DON MICHAEL BRIDGES, JR. the entirety of my interest in and to lot 5-A of a resubdivision of former lot 5 of Block F of Abita Springs Estates Subdivision measuring 120 feet on Abita Springs Drive, same depth in the rear, between equal and parallel lines of 401.47 feet.
I leave the remainder of my estate, regardless of whether movable or immovable, separate or community, or corporeal or incorporeal unto my former wife PAMELA ANN GOUEDY BRIDGES.
In the event my former wife PAMELA ANN GOUEDY BRIDGES should predecease me or not survive me by ninety days, then I leave the entirety of my estate to my son DON MICHAEL BRIDGES, JR.
Following the execution of the testament, on October 10, 2005, Mr. Bridges and Pamela remarried. They divorced a second time on May 25, 2016. On August 25, 2016, Mr. Bridges passed away.
On October 12, 2016, Pamela filed a petition to execute Mr. Bridges' testament and to be appointed as testamentary executor[1] of the estate. In the petition, Pamela asked that the court issue a rule to show cause against Don Bridges, the decedent's only descendant, ordering him to show cause why the testament of his father should not be given the effect of probate and executed according to law, and to show cause why letters testamentary should not be issued, confirming her appointment as the testamentary executor of the decedent's estate. Pamela was confirmed *620 as the independent executor of the succession by order of the court dated October 20, 2016.
On March 3, 2017, Pamela filed an ex parte petition for possession seeking to have the court recognize her as the sole legatee of the decedent and to be sent into possession of all property of the estate. Three days later, the trial court signed a judgment of possession recognizing Pamela as the sole legatee of Mr. Bridges' estate and sending her into possession of all assets of the estate.
Thereafter, on April 3, 2017, Don Bridges filed a summary motion to seeking to: (1) annul the probated testament; (2) vacate the order appointing Pamela as the administrator of the estate; (3) have the court recognize his succession rights; and (4) enjoin any and all actions by Pamela in the succession proceedings. In the motion, Don Bridges asserted that La. C.C. art. 1608 mandated revocation of the legacy to Pamela and her appointment as the executor of the estate.
Louisiana Civil Code article 1608 provides five modes of revoking a legacy or other testamentary disposition. Specifically, Article 1608(5) provides that a revocation of a legacy or other testamentary provision occurs when the testator "[i]s divorced from the legatee after the testament is executed and at the time of his death, unless the testator provides to the contrary." This mode of revocation also applies to all testamentary designations or appointments of the former spouse. La. C.C. art. 1608(5). Don Bridges argued that Article 1608(5) applied in this case because Pamela and his father had in fact remarried and divorced again after the testament was executed, and were thus divorced after the testament was executed and at the time of Mr. Bridges' death. He also argued that the testament contained no provision for it to remain in effect following Pamela and Mr. Bridges' second divorce. Don Bridges asked the court to annul the testament, annul the judgment of possession, appoint him as the administrator of the estate, and place him in possession of the entirety of his father's estate.
On April 7, 2017, the trial court issued a rule ordering that Pamela show cause why: (1) the testament admitted to probate in these proceedings should not be declared null; (2) she should not be removed as testamentary executor and beneficiary of a judgment declaring her to be the owner of the decedent's estate; and (3) Don Bridges should not be declared the administrator of the estate and sole heir of the estate. A hearing on the rule was held on May 11, 2017.
On May 17, 2017, the trial court signed written reasons for judgment denying all relief sought by Don Bridges. Therein, the court concluded that Article 1608(5) did not apply to the instant matter because Mr. Bridges and Pamela were not married at the time Mr. Bridges executed his testament. The trial court then concluded that the intent of the testator controlled interpretation of the testament, and found that Mr. Bridges clearly set forth his intent for his former wife to serve as the executor of and legatee to his estate. On June 7, 2017, the trial court signed a written judgment denying with prejudice all relief sought by Don Bridges in this proceeding.
APPLICABILITY OF LOUISIANA CIVIL CODE ARTICLE 1608(5)
In this appeal, Don Bridges contends that the trial court erred in failing to find that the bequest to Pamela and the appointment of Pamela as succession representative were revoked under Article 1608(5). He maintains that Article 1608(5) is silent as to the marital status of the *621 decedent at the time the testament was written and clearly provides that the appointment of Pamela as succession representative and the bequest made to her were revoked when she and the decedent were divorced after the testament in her favor was executed. Don Bridges further asserts that the trial court erred in searching for the intent of the decedent, which led to the court's wrongfully denying him the right, as the only heir of the decedent, to be placed in possession of all property left by the decedent at the time of his death.
Pamela contends that Article 1608(5) presumes that the testator is married to the legatee at the time of the execution of the testament; otherwise, the provision would make no sense. She argues that she and Mr. Bridges' subsequent remarriage and divorce does not overcome the presumption that Mr. Bridges specified his former wife to be the executor and legatee of his estate. Pamela argues that for Article 1608(5) to apply, Mr. Bridges would have had to have been married to her when he executed the testament; and as he was not, the trial court appropriately found Article 1608(5) did not apply and that Mr. Bridges' testament reflected his clear intent for his former wife to serve as executor of and legatee to his estate.
We agree that in this unique factual situation, Article 1608(5) does not apply. While it is true that Mr. Bridges and Pamela were divorced a second time after the testament was executed, they were not married at the time the testament was executed. Both at the time the testament was executed and at the time of his death, Mr. Bridges was divorced from Pamela. Comments to Article 1608 indicate that the addition of the divorce revocation provision recognizes that when a testator becomes divorced from a spouse, more often than not, he does not want that spouse to serve as the executor of his estate. The new rule was added, consistent with Louisiana domestic relations laws, by providing that the divorce must have occurred after the testament was executed, and that there must have been no reconciliation. Comment (f) La. C.C. art. 1608. We find that the status of the parties at the time the testament is executed is controlling. Although Article 1608(5) does not specifically state that the parties must be married at the time the testament is executed for the provision to apply, it contemplates that the parties are married at the time of the execution of the testament and that a subsequent divorce would revoke the testament. Because Mr. Bridges and Pamela were divorced both at the time the testament was executed and at the time of Mr. Bridges' death, Article 1608(5) does not mandate revocation of the legacy to Pamela and her appointment as executor of the estate.
Moreover, a testator is free to provide contrary to Article 1608(5)'s revocation provision, so that even though the parties may be divorced, the testator may make a bequest to the former spouse and may provide for the former spouse to serve in a representative capacity as well. Comment (f) La. C.C. art. 1608. This is exactly what occurred in this case when Mr. Bridges named his "former spouse " as the executor of his estate and named his "former spouse " as his legatee. Considering the inapplicability of Article 1608(5), the trial court correctly sought to ascertain the intent of the testator at the time of the execution of the testament, the single most important guideline in the interpretation of a testament. La. C.C. art. 1611 ; In re Succession of Clark , 2008-1278 (La. App. 1st Cir. 2/13/09), 6 So.3d 266, 269, writ denied, 2009-0580 (La. 5/13/09), 8 So.3d 568. We agree with the trial court's conclusion that the testament reflected Mr. Bridges' clear intent to provide a legacy for Pamela and to appoint her as executor *622 of his estate. At no time did Mr. Bridges indicate a desire that his testament be revised for his son to inherit his total estate. In fact, while he was divorced from his former wife, he selected her to be the executor of his estate and his universal legatee and only left one specific bequest to his son. There was no evidence presented by Don Bridges to prove that the Mr. Bridges had a different intent following his second divorce than he had following his first divorce when he executed his will. Accordingly, we find that the trial court correctly construed the testament so as to comport with Mr. Bridges' clear intent for Pamela to serve as executor of and legatee to his estate.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Don Michael Bridges, Jr.
AFFIRMED.
Higginbotham, J. concurs.

The Code of Civil Procedure provides for the appointment of "executors." La. C.C.P. arts. 3081, 3082, and 3083. The use of the masculine gender comprehends both sexes. La. C.C. art. 3506. See also La. C.C.P. art. 5251 (providing that the term "legal representative" includes an executor of an estate). Although Pamela is designated as the "executrix" in the testament, we shall refer to her appointment by the more appropriate term "executor."